IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Douglas M Bradford, #268546,<br><br>    Petitioner,<br><br>vs.<br><br>David Michael McCall, Jr.,<br>Warden of Perry Correctional Institution,<br><br>    Respondent. | Civil Action No. 3:09-1235-DCN-JRM<br><br><br><br>**REPORT AND RECOMMENDATION** |

  This is a *pro se* Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on May 11, 2009. The Respondent filed a motion for summary judgment on September 4, 2009, pursuant to Rule 56, Fed.R.Civ.P. As the Petitioner is proceeding *pro se*, the Court issued an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) on September 8, 2009, advising Petitioner of the importance of a dispositive motion, and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

  As the Petitioner is proceeding *pro se*, the Court filed a second order on October 26, 2009, allowing the Petitioner an additional fifteen (15) days in which to advise the Court whether he wished to continue to prosecute this action. The Petitioner was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The Petitioner did not respond to the order.

  A petition may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

1

for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1) the degree of petitioner's responsibility in failing respond;

(2) the amount of prejudice to the petitioner;

(3) the history of the petitioner in proceeding in a dilatory manner; and

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding *pro se* so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment, or the Court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be **dismissed** pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Joseph R. McCrorey
United States Magistrate Judge

November 16, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).